# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK LARKIN, | No. 4:25-CV-01390 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN ARVIZA, | |
| Respondent. | |

## MEMORANDUM OPINION

### OCTOBER 17, 2025

Petitioner Derrek Larkin, who is confined at the Federal Correctional Institution, Allenwood, in White Deer, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, he challenges several conditions of his confinement regarding visitation procedure and book purchases. Because Larkin failed to exhaust administrative remedies and his claims are not cognizable in habeas corpus, the Court must dismiss his petition.

## I. BACKGROUND

Larkin does not provide any information as to his conviction or sentence, only that he is confined at FCI Allenwood. He claims that FCI Allenwood only allows one in-person visit per month, lacks contact during those visits, and forces inmates to buy books "at a 30% mark up or not at all."[1] He appears to have raised

---

[1] Doc. 1 at 2.

at least some of these issues with prison administrators by filing BP-8 administrative remedy informal resolution forms.[2] He asserts that he has not received a response to his informal requests, but does not indicate that he has filed a formal administrative remedy for any of his complaints.[3]

On July 28, 2025, Larkin lodged the instant Section 2241 petition in this Court. Because it plainly appears from the face of his petition and attached exhibits that Larkin has failed to exhaust administrative remedies and raises claims that are not cognizable on habeas review, the Court will dismiss his Section 2241 petition without requiring a response from the government.[4]

## II.  DISCUSSION

Larkin's Section 2241 petition is fatally deficient for two reasons. First, he did not exhaust administrative remedies with respect to any of the claims that appear in his habeas petition. Second, and more fundamentally, none of the claims that he is asserting are cognizable in a Section 2241 petition.

### A.  Larkin Failed to Administratively Exhaust His Claims

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has

---

[2] *See* Doc. 1 at 2; Doc. 1-1.
[3] *See* Doc. 1 at 2-4.
[4] *See* 28 U.S.C. § 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); *see also* 28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions).

consistently held that exhaustion applies to such claims.[5] Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[6]

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.[7] That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[8] In challenges to disciplinary proceedings before a DHO, the normal administrative process is modified slightly, and only requires an inmate to appeal the DHO's decision to the Regional Director and then to final review with the General Counsel.[9]

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[10] Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if

---

[5] *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)).
[6] *Moscato*, 98 F.3d at 761-62 (citations omitted)
[7] *See generally* 28 C.F.R. §§ 542.10-.19.
[8] *See id.* §§ 542.13-.15.
[9] *See id.* §§ 542.14(d)(2), 542.15.
[10] *See Moscato*, 98 F.3d at 761.

the issue presented is one that involves only statutory construction.[11]  Exhaustion is likewise excused when it would be futile.[12]  "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court."[13]

Larkin did not administratively exhaust any of his claims.  Although he began the process by seeking informal resolution, he never filed a formal administrative remedy or properly appealed to the Regional Director or to the General Counsel.  And Larkin's own documents indicate that he was aware of the multiple steps in the administrative remedy process.[14]  Thus, Larkin failed to properly exhaust his administrative remedies and his claims are unreviewable.[15]

### B. Larkin's Claims are Not Cognizable

Even if the Court were to find that exhaustion is excused due to the BOP's alleged failure to respond to the BP-8s, Larkin's claims are not cognizable on habeas review.  Section 2241 authorizes a federal court to issue a writ of habeas

---

[11] *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).

[12] *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).

[13] *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

[14] *See* Doc. 1-1 at 7 (setting out the "Administrative Remedy Process (BP-8 through BP-11)").

[15] *See Moscato*, 98 F.3d at 760; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that administrative exhaustion requires "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)'" (citation omitted)).

corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."[16] A habeas corpus petition is appropriate when the petitioner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment."[17] Habeas jurisdiction also lies for certain challenges regarding the execution of a prisoner's sentence.[18] However, as the Supreme Court of the United States has explained, habeas corpus is not the appropriate procedural vehicle where the relief sought would "neither terminat[e] custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of custody."[19]

Larkin challenges the visitation and book-purchasing procedures at FCI Allenwood. Nowhere, however, does he assert that he is seeking immediate release from custody for the alleged conditions of confinement.[20] His claims do not implicate the fact, duration, or execution of his sentence. If anything, Larkin's

---

[16] 28 U.S.C. § 2241.
[17] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).
[18] *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005); *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012) (explaining that claims regarding execution of sentence are cognizable on habeas review when the "BOP's conduct [is] somehow inconsistent with a command or recommendation in the sentencing judgment").
[19] *Skinner v. Switzer*, 562 U.S. 521, 534 (2011) (alterations in original) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005)).
[20] *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323-25 (3d Cir. 2020) (explaining that detainees challenging unconstitutional conditions of confinement and seeking "release from detention" may proceed by way of a habeas petition, but only in "extraordinary circumstances"). Even if Larkin had claimed that he was seeking release from custody, the conditions he describes do not come close to the level of "extraordinary circumstances" that would implicate habeas relief.

claims sound in civil rights liability, not habeas corpus.[21]  Consequently, the Court must dismiss Larkin's Section 2241 petition.

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss without prejudice Larkin's petition for a writ of habeas corpus under 28 U.S.C. § 2241.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[21] *See Skinner*, 562 U.S. at 535 n.13; *McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights] action . . . is appropriate.") (second alteration in original) (quoting *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002)).